CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Rafael Arroyo, Jr.**,

Plaintiff,

v.

**CMG Enterprises, LLC,** a California Limited Liability Company;
**La Amapola, Inc.,** a California Corporation; and Does 1-10,

Defendants.

**Case No.** 2:17-cv-03925-GW(AGRx)

**Plaintiff's Opposition to Defense Motion to Dismiss Complaint**

Date: August 22, 2017
Time: 8:30 a.m.
Ctrm: 9D

**Hon. Judge. George H. Wu**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. PRELIMINARY STATEMENT ........ 1

II. THE FIRST AMENDED COMPLAINT IS SUFFICIENTLY PLED ........ 1

III. THE DEFENSE MISCONSTRUES CHAPMAN; THE COMPLAINT IS SUFFICIENT ........ 5

IV. THE DEFENSE IMPROPERLY CONSTRUES THE PLEADING STANDARD FOR STANDING ........ 7

V. CONCLUSION ........ 9

# TABLE OF AUTHORITIES

## Cases

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*
603 F.3d 666 (9th Cir. 2010) ........................................................ 1

*Catholic League for Religious and Civil Rights v. City & Cnty. of San Francisco,*
624 F.3d 1043 (9th Cir.2010) ........................................................ 8

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
631 F.3d 939 (9th Cir. 2011) ........................................................ 5, 6, 7

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
631 F.3d 939 (9th Cir. 2011) ........................................................ 2

*Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*,
753 F.3d 862 (9th Cir. 2014) ........................................................ 7

*Kohler v. Flava Enterprises, Inc.*,
779 F.3d 1016 (9th Cir. 2015) ........................................................ 6

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992 ........................................................ 7

*Moeller v. Taco Bell Corp.*
816 F.Supp.2d 831 (N.D. Cal. 2011) ........................................................ 2

## Statutes

42 U.S.C. § 12188(a) ........................................................ 2

42 U.S.C. §§ 12183(a)(2) ........................................................ 2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

The defense moves for dismissal of the Complaint on the basis that it fails to state a claim. In making its arguments, the defense misconstrues the relevant law, misconstrues the allegations of the complaint and engages in speculation that has no place in this motion. The complaint easily meets the Rule 8 standard.

### II. THE FIRST AMENDED COMPLAINT IS SUFFICIENTLY PLED

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and give "the defendant fair notice of what the . . . claim is and grounds upon which it rests" in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. In order to determine whether a pleading contains the necessary allegations, a party must understand what constitutes a viable claim under the cause of action pled.

Here, the plaintiff's claims are based on Title III of the ADA. To succeed on a Title III ADA architectural barrier claim, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). "The third element—whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.*, 816

F.Supp.2d 831, 847 (N.D. Cal. 2011) *citing*, *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). This is because discrimination is defined both as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" and, where there are no alterations, "a failure to remove architectural barriers...in existing facilities...where such removal is readily achievable." 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv).

Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. Plaintiff must be disabled. 42 U.S.C. § 12182(a);
2. The defendants' facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA *Id.*;
3. The defendants must be responsible parties, i.e., owners, operators, lessors or lessees. *Id.*;
4. The defendants' facility must have either undergone an alteration that did not comply with the access standards or contain an easily removed barrier that the defendants failed to remove. 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv);
5. Plaintiff must have actually encountered this non-removed and unlawful barrier. 42 U.S.C. § 12188(a).

As demonstrated by the table below, Plaintiff has made all the necessary factual and legal allegations necessary to state a claim.

| **Element** | **Fact Alleged** |
|---|---|
| 1. Disability | "Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk |

| | |
|---|---|
| | and who uses a wheelchair for mobility." (Complaint, p. 1, lines 26-27) |
| 2. Place of Public Accommodation | "The Deli is a facility open to the public, a place of public accommodation, and a business establishment." (Complaint, p. 3, lines 5-6). |
| 3. Responsible Parties | "Defendant CMG Enterprises, LLC owned the property located at or about 13733 Garfield Ave, Paramount, California, in May 2017. Defendant CMG Enterprises, LLC owns the property located at or about 13733 Garfield Ave, Paramount, California, currently. Defendant La Amapola, Inc. owned the Ampola Deli located at or about 13733 Garfield Ave, Paramount, California, in May 2017. Defendant La Amapola, Inc. owns the Ampola Deli ("Deli") located at or about 13733 Garfield Ave, Paramount, California, currently." (Complaint, ¶¶ 2-5) |
| 4. Barrier to Access | "Produce scales are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Deli. Unfortunately, the scales are between 65 inches and 67 inches in height, which is too high for plaintiff to use. Additionally, the transaction counter in the meat department is higher than 36 inches |

| | |
|---|---|
| | in height and inaccessible to plaintiff." (Complaint, ¶¶ 12-14). |
| 5. Personal Encounter | "The Plaintiff personally encountered this barrier. This inaccessible facility denied the plaintiff full and equal access and caused him difficulty and frustration." (Complaint,¶¶ 15-16). |
| 6. Standing for injunctive relief | "Plaintiff would like to return to this Deli and will do so once the facilities are brought into compliance."<br><br>"Plaintiff is and has been deterred from returning and patronizing the Deli because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Deli as a customer once the barriers are removed."<br><br>"Given its location and options, the plaintiff will continue to desire to patronize the Deli but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers." |

| | (Complaint ¶¶ 19, 23, 36) |
|---|---|

Each of the required factual allegations have been made. The defense, however, argues that the court should dismiss the Complaint because the plaintiff has not listed an actual encounter with a violation that affects his disability and because he has not alleged standing for injunctive relief. The defense is wrong.

## III. THE DEFENSE MISCONSTRUES CHAPMAN; THE COMPLAINT IS SUFFICIENT

The defense cites to the case of *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) to argue that the plaintiff has not sufficiently alleged an injury in fact. The defense has misconstrued *Chapman*.

Under the ADA, persons with disabilities are not just entitled to mere access. They are entitled to a "full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations" at a place of public accommodation. 42 U.S.C. § 12182(a). The Ninth Circuit has held that the phrase "full and equal" is a term of art, having specific reference to the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). *Chapman,* 631 F.3d at 947. The *Chapman* court held that "the ADAAG establishes the technical standards required for 'full and equal enjoyment'" and that "if a barrier violating these standards relates to a plaintiff's disability, it **will** impair the plaintiff's full and equal access" and "constitutes 'discrimination' under the ADA." *Id.* (emphasis added). The Ninth Circuit has expressly defined "equal access" as meaning compliant with the Access Standards:

> Title III of the ADA requires public accommodations to provide equal access to disabled patrons. 42 U.S.C. § 12182(a). To clarify what constitutes "equal access" in

> specific circumstances, the Department of Justice has promulgated the Accessibility Guidelines ("ADAAG") that specify precise structural requirements.

*Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1018 (9th Cir. 2015).

The *Chapman* court, sitting *en banc*, held that this was an objective test looking to the ADAAG and not a subjective one that relied upon the plaintiff's actual experience:

> A disabled person who encounters a "barrier," i.e., an architectural feature that fails to comply with an ADAAG standard relating to his disability, suffers unlawful discrimination as defined by the ADA. 42 U.S.C. § 12182(b)(1)(A)(i). Indeed, by "establish[ing] a national standard for minimum levels of accessibility in all new facilities," *Indep. Living Res.*, 982 F.Supp. at 714, the ADAAG removes the risk of vexatious litigation that a more subjective test would create. Those responsible for new construction are on notice that if they comply with the ADAAG's objectively measurable requirements, they will be free from suit by a person who has a particular disability related to that requirement.

*Id.* at fn. 5. The *Chapman* court held that "encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes . . .." *Id.* at 948. It is the **encounter** with the barrier, not whether the barrier precluded access that provides standing. In fact, the *Chapman* court could not have been clearer: "Where the barrier is related to the particular plaintiff's disability, however, an encounter with the barrier **necessarily injures** the plaintiff by depriving him of full and equal enjoyment of the facility." *Id.* at 947 at fn. 4 (emphasis added).

Here, the plaintiff only identified violations that affect his type of disability (paraplegia) and plainly alleged that he not only "personally encountered" the barriers but that it "The Plaintiff personally encountered this barrier" and that it "caused him difficulty and frustration." *See* Complaint, ¶¶ 15-16. The defense is simply wrong. The complaint meets the modest threshold of Rule 8 and states a claim.

## IV. THE DEFENSE IMPROPERLY CONSTRUES THE PLEADING STANDARD FOR STANDING

The defense also claims that plaintiff has not provided sufficient allegations to establish standing for injunctive relief. Again, the defense misconstrues the law.

The United States Supreme Court has developed a three part test to determine if a plaintiff has standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact," i.e., the "invasion of a legally protected interest" which is "concrete and particularized." *Id.* Second, there must be a causal connection between the injury and the conduct complained of. *Id.* Finally, "it must be likely as opposed to merely speculative that the injury will be redressed by favorable decision." *Id.* (internal cites omitted).

With respect to suits arising under the Americans with Disabilities Act, the Ninth Circuit invokes this "oft-repeated standing formula" and holds that a person with a disability "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the Store's actions, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Under the ADA – as with other federal claims for injunctive relief – a plaintiff must demonstrate a "real and immediate threat of repeated injury" in the future. *Id.*

There are two ways that an ADA plaintiff can establish this threat of repeated injury for the purposes of standing. First, an "ADA plaintiff establishes such a real and immediate threat if he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury." *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (internal cites and quotes omitted). Or,

"[a]lternatively, a plaintiff who has visited a public accommodation on a prior occasion demonstrates a real and immediate threat if he is currently deterred from visiting that accommodation by accessibility barriers." *Id.*

In the present case, the plaintiff's complaint is sufficient. He alleged that he personally encountered the barriers, that they caused him difficulty and frustration and that: "Plaintiff is and has been deterred from returning and patronizing the Deli because of his knowledge of the illegal barriers that exist." Complaint ¶ 23. This meets the Ninth Circuit's test squarely. The complaint is sufficient.

The defense tries to argue facts. For example, the defense argues that: "Even though he uses the term 'desire,' nothing in the Complaint indicates that Plaintiff was ever really interested in shopping there. Instead, given how most the Complaint is dedicated to rattling off measurements, the Complaint betrays that Plaintiff's primary goal in going to Amapola Deli & Market was to hunt for compliance issues." Defense Motion, p. 9, lines 1-6. This is naked speculation and almost silly in a legal brief at the pleading stage. These are the sorts of things that a defendant might try to prove through discovery while attacking the merits of the case but have no place in a pleadings challenge. As the Ninth Circuit has opined: "Nor can standing analysis, which prevents a claim from being adjudicated for lack of jurisdiction, be used to disguise merits analysis, which determines whether a claim is one for which relief can be granted if factually true." *Catholic League for Religious and Civil Rights v. City & Cnty. of San Francisco,* 624 F.3d 1043, 1049 (9th Cir.2010) (*en banc*).

## V. CONCLUSION

The plaintiff respectfully requests this Court deny the defense motion. The Complaint gives the defense fair notice of its claims and has adequate factual and legal allegations.

Dated: August 3, 2017 CENTER FOR DISABILITY ACCESS

/s/ Russell Handy
By:________________________
Russell Handy, Esq.
Attorneys for Plaintiff