UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3925-GW(AGRx) | Date | August 24, 2017 |
|---|---|---|---|
| Title | *Rafael Arroyo Jr. v. CMG Enterprises, LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Raymond George Ballister, Jr. | Matthew L. Kinley | |

**PROCEEDINGS:** DEFENDANTS' MOTION TO DISMISS THE COMPLAINT [13]

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Defendants' Motion is DENIED. Defendants will have until September 7, 2017 to respond to the Complaint.

The Court sets a Scheduling Conference for September 25, 2017 at 8:30 a.m. Counsel are reminded of their obligations to disclose information, confer on a discovery plan, and report to the Court, as required by F.R.C.P. 26 and the Local Rules of this Court. Trial counsel are ordered to be present. A Joint 26(f) Report will be filed with the Court no later than September 18, 2017.

| | : | 02 |
|---|---|---|
| | Initials of Preparer | JG |

<u>*Arroyo v. CMG Enterprises, LLC, et al.*</u>, Case No. 2:17-cv-03925-GW-(AGRx)
Tentative Ruling on Motion to Dismiss the Complaint Pursuant to FRCP Rule 12(b)(6)

**I. Background**

Rafael Arroyo, Jr. ("Plaintiff") sues CMG Enterprises, LLC ("CMG") and La Amapola, Inc. ("LAI" and, together with CMG, "Defendants") for: 1) violation of the Americans with Disabilities Act of 1990 ("ADA"), and 2) violation of the Unruh Civil Rights Act. Plaintiff has a physical disability, in that he is a paraplegic who cannot walk and uses a wheelchair for mobility. *See* Complaint ¶ 1. In May 2017, CMG owned – and it currently owns – the property located at or about 13733 Garfield Avenue, Paramount, California. *See id.* ¶¶ 2-3. In May 2017, LAI owned – and it currently owns – the Ampola[1] Deli ("the Deli") located at that address. *See id.* ¶¶ 4-5.

Plaintiff went to the Deli – which is open to the public and a place of public accommodation – in May 2017 to shop. *See id.* ¶¶ 10-11. When visiting the Deli, Plaintiff encountered produce scales that were between 65 and 67 inches high, too high for him to use; a meat department transaction counter that was higher than 36 inches in height and also inaccessible to him; and a check-out/transaction counter that was higher than 36 inches in height. *See id.* ¶¶ 12-14, 17-18, 29-33. Plaintiff also mentions a "failure to wrap the plumbing underneath the sink." *Id.* ¶ 28.

Defendants now move to dismiss, arguing not so much with respect to the elements of Plaintiff's claim, but instead that Plaintiff has not pled an injury-in-fact and has not satisfactorily demonstrated a basis for seeking injunctive relief.

**II. Analysis**

    A. <u>Procedural Standard</u>

Under Rule 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The court need not

---

[1] Defendants' motion asserts that the deli is named "Amapola Deli & Market." *See* Docket No. 13, at 3:20. The discrepancy is not necessary to resolve for present purposes.

accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In its consideration of the motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruling on other grounds recognized in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief). However, a plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570); *see also William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases"). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The plaintiff also bears the burden of proof to establish standing 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan*, 504 U.S. at 561; *see also Wash. Envtl. Council*, 732 F.3d at 1139; Maya v. Centex Corp., 658

F.3d 1060, 1068 (9th Cir. 2011) ("'At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'") (omitting internal quotation marks) (quoting *Lujan*, 504 U.S. at 561).

    B. <u>Injury-in-Fact</u>

An "injury-in-fact" is one of the required elements for Article III standing. *See Lujan*, 504 U.S. at 560-61. "[A] disabled person suffers an injury in fact [under the ADA] when he 'encounter[s] a barrier' at a place of public accommodation 'that deprives him of full and equal enjoyment of the facility due to his particular disability.'" *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011) (quoting *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011) (en banc)). "Because the ADA [Accessibility Guidelines] establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA. That discrimination satisfies the 'injury-in-fact' element of *Lujan*." *Chapman*, 631 F.3d at 947.

Defendants argue that Plaintiff's allegations here fail the injury-in-fact requirement for the same reasons present in *Chapman*. But the plaintiff failed to demonstrate sufficient injury in fact in *Chapman* because the complaint "merely included a lengthy list of alleged barriers without identifying which barriers Chapman had encountered or establishing how they had affected his specific disability." *Oliver*, 654 F.3d at 907; *see also Chapman*, 631 F.3d at 954 ("Although Chapman alleges that he is 'physically disabled,' and that he 'visited the Store' and 'encountered architectural barriers that denied him full and equal access,' he never alleges what those barriers were and how his disability was affected by them so as to deny the 'full and equal' access that would satisfy the injury-in-fact requirement…."); *id.* at 955 ("Unlike in other cases where we have found Article III standing, Chapman leaves the federal court to guess which, if any, of the alleged violations deprived him of the same full and equal access that a person who is not wheelchair bound would enjoy when shopping at Pier One."). In contrast, the injury-in-fact standard has been satisfied where a plaintiff alleged that "[t]he barriers she

3

encountered prevented her from benefitting from the same degree of access as a person without a mobility disability, and deterred her from future attempts to access the facilities she visited." *Kirola v. City & Cnty. of S.F.*, 860 F.3d 1164, 1175 (9th Cir. 2017).

Here, Plaintiff alleged that he personally encountered a barrier at the transaction counter in the meat department, which was "higher than 36 inches in height and inaccessible to [P]laintiff," who is, as noted, a paraplegic confined to a wheelchair. Complaint ¶¶ 1, 14-15, 31-32. Defendants assert that allegations about counters being too high for Plaintiff to use or "inaccessible" are improper conclusions, not factual allegations. Whether the argument is founded generally on principles set forth in *Twombly* and/or *Iqbal*, or on some other basis, the Court simply disagrees with that assertion.

While Plaintiff also complains in his Complain about produce scales and transaction counters at check-out being too high without asserting that he personally encountered them, *see id.* ¶¶ 12-13, 17-18, this is irrelevant to Plaintiff's standing if he encountered at least one barrier (the meat department counter) relating to his disability. This is because encountering one barrier that impairs an individual's full and equal enjoyment of the facility gives the individual standing to sue not only as to that encountered barrier, but also as to "other barriers related to his disability." *Chapman*, 631 F.3d at 944; *see also Oliver*, 654 F.3d at 908; *Chapman*, 631 F.3d at 944 ("[A]n ADA plaintiff who establishes standing as to encountered barriers may also sue for injunctive relief as to unencountered barriers related to his disability."). To the extent Defendants believe they have a valid defense on the merits as to the produce scales (because of the inapplicability of ADA Accessibility Guidelines Plaintiff cites in his Complaint), *see* Docket No. 13, at 6:4-9, that challenge does not impact Plaintiff's standing/injury-in-fact.[2]

Finally, Defendants question whether Plaintiff "genuinely visited and wanted to patronize" the deli. Docket No. 13, at 6:18-23. If the assertion is meant to question whether Plaintiff actually visited the deli, Plaintiff has alleged as much, and the Court

---

[2] Similarly, Defendants attempt to explain why the deli's meat counter was in fact in compliance with ADA Accessibility Guidelines. *See* Docket No. 13, at 6:28-7:12. But Plaintiff need not plead around this potential defense to his meat counter-based claim. Defendants may attempt to demonstrate the merits of this contention at a later stage of the litigation.

4

must accept the allegations in the Complaint as true on a Rule 12(b)(6) analysis. If, instead, Defendants are attempting to question the reason behind Plaintiff's visit, "motivation is irrelevant to the question of standing under Title III of the ADA." *Civil Rights Educ. & Enforcement Ctr. v. Hospitality Props. Trust*, __ F.3d __, 2017 WL 3401319, *6 (9th Cir. Aug. 9, 2017).

    C. <u>Injunctive Relief</u>

Apart from establishing the injury-in-fact necessary to demonstrate Article III standing, "[w]hen seeking prospective injunctive relief, the plaintiff must further show a likelihood of future injury." *Kirola*, 860 F.3d at 1174; *Chapman*, 631 F.3d at 946 ("In addition, to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, he must demonstrate a 'real and immediate threat of repeated injury' in the future."); *id.* at 948 ("Although encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a similar way.'") (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). "[A] plaintiff who 'has visited a public accommodation on a prior occasion' demonstrates a real and immediate threat if he 'is currently deterred from visiting that accommodation by accessibility barriers.'" *Ervine v. Desert View Regional Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (quoting *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008)); *see also Civil Rights Educ.*, __ F.3d __, 2017 WL 3401319, *3 ("A plaintiff experiences continuing adverse effects where a defendant's failure to comply with the ADA deters her from making use of the defendant's facility."); *Chapman*, 631 F.3d at 944 ("[A]n ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility."). Also, a plaintiff alleges injury in fact sufficient to seek injunctive relief (and to survive the pleadings in doing so) when he alleges that he intends to visit the property in question, but is deterred from doing so by the property's noncompliance with the ADA, and will do so when non-compliance is cured. *See Civil Rights Educ.*, __ F.3d __, 2017 WL 3401319, *3.

"'[C]onstruing the factual allegations in the complaint in favor of…[P]laintiff[],'

5

as [the Court] must at this preliminary stage," *id.* (quoting *Mont. Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013)), it is clear that Plaintiff has offered sufficient allegations of deterrence after having already visited the deli to shop. *See* Complaint ¶¶ 10, 19, 23, 36. Whether or not Plaintiff is *in fact* deterred is not something that is ordinarily determined on the pleadings, contrary to Defendants' suggestion that "a court must engage in a fact-intensive inquiry to determine whether the plaintiff is truly deterred," *see* Docket No. 13, at 8:21-24 (quoting *Vogel v. Salazar*, No. SACV 14-00853-CJC (DFMx), 2014 U.S. Dist. LEXIS 151379, *4 (C.D. Cal. Oct. 24, 2014), a decision rendered on an application for default judgment), and there is no requirement (or at least Defendants have not evidenced any) that he demonstrate in the pleadings that he "was ever really interested in shopping there" or that he allege "what [he] wanted to buy" there, *see id.* at 9:1-3, 9:13.

### III. Conclusion

For the foregoing reasons, the Court would deny Defendants' motion.

6